IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MVM CUSTOM HOMES, INC., and
MIKHAIL V. MARGITICH,

    Plaintiff,

v.

GREGORI KRASS, POLENA
KRASS, and RELAINCE PROJECT
MANAGEMENT, LLC,

    Defendants.

_____/

Civil Action No:

2:16-cv-768-FtM-99-MRM

## ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTIONS

Plaintiff **MVM CUSTOM HOMES, INC. and MIKHAIL V. MARGITICH** files this Complaint and Application for Preliminary and Permanent Injunctions against defendants **GREGORI KRASS, POLENA KRASS, and RELIANCE PROJECT MANAGEMENT LLC**, and would show the Court the following:

### PARTIES

1.     Plaintiff MVM Custom Homes, Inc. ("MVM") is a Florida corporation its principal place of business in North Port, Florida.

2.     Mikhail V. Margitich ("Margitich") resides in North Port Florida and is the

principal owner of MVM and is the original author of MVM's architectural drawings and work, that are the subject of this action.

3. Defendant Polena Krass is a resident of Huntington Valley, Pennsylvania who owns property in Charlotte County, Florida; she is the daughter of Gregori Krass.

4. Defendant Gregori Krass is a resident of Huntington Valley, Pennsylvania; he is the father of Polena Krass.

5. At times material to this action Gregori Krass and Polena Krass acted in concert. Polena Krass granted full authority to Gregori Krass to act as her agent in all material matters related to this action. They are collectively referred to herein as "Krass".

6. Reliance Project Management LLC ("Reliance") is a Florida limited liability company qualified with the State of Florida as a general contractor in the construction industry with a principal place of business in Port Charlotte, Florida. Reliance may be served through its registered agent, Timothy Meakins, 21239 Berkshire Avenue, Port Charlotte, Florida 33954.

## JURISDICTION and VENUE

7. This Court has subject matter jurisdiction of this case under 28 U.S.C. § 1338 because this action arises under federal copyright law, 17 U.S.C. § 101 *et seq.*

8. Venue is proper in this district under 28 U.S.C. § 1400(a) because certain defendants reside and may be found in this district and under 28 U.S.C. § 1400(b) as the acts of infringement alleged herein occurred in this district.

## FACTUAL BACKGROUND

9. The primary business of MVM is new home construction in southwest Florida. MVM is a residential home builder which, among other things, creates and markets unique original architectural designs for sale as completed construction to its customers.

10. Mikhail V. Margitich is the principal owner of MVM and is the original author of MVM's architectural designs, drawings, and work, that are the subject of this action.

11. Margitich owns copyrights protecting the architectural works and architectural drawings he has created that are the subject of this action.

12. Margitich is the author and the sole owner of all copyrights in the following technical drawings and architectural works except as licensed to MVM to wit:

Citrine Model

(Hereinafter, the foregoing works will be referred to collectively as the "Copyrighted Works.")

13. Each of the Copyrighted Works constitutes original material that is

copyrightable under federal law.

14. The following Copyrighted Works have been registered as architectural works with the United States Copyright Office:

| Margitich, Mikhail V, 1970- | Citrine Model. | VAu001240506 | 2015 |
| Margitich, Mikhail V, 1970- | Citrine Model. | VAu001240505 | 2015 |

15. Krass planned to develop and construct a home on property owned by Polena Krass at 585 Rotonda Circle in Charlotte County, Florida.

16. Krass engaged Margitich and MVM to develop site and construction plans for MVM to build the Citrine Model at that location.

17. Thereafter Krass obtained access to Margitich Copyrighted Works and MVM's engineered plans subject to its license with Margitich.

18. In fact, Krass visited the engineering company engaged by MVM, L & T Engineering Group, Inc., picked up the plans of MVM and Margitich, as well as the survey and truss layout owned or developed by MVM and Margitich, then Krass dismissed MVM as proposed builder.

19. Krass has infringed Margitich's copyrights in the Copyrighted Works as licensed to MVM. Krass has committed numerous acts of infringement, including the following:

    a.    Krass has made copies of the Copyrighted Works.

    b.    Krass has made derivatives of the Copyrighted Works.

    c.    Krass has published and distributed copies and derivatives of the Copyrighted Works in printed form.

    d.    Krass has materially aided, induced, and/or contributed to the publication and distribution by others of copies and derivatives of Margitich's Copyrighted Works.

    e.    Krass or Meakins located a sign in front of the structure stating "Future Model" as public advertisement.

20. In addition, Krass has proposed future acts in violation of Margitich and MVM's exclusive rights. These include, but are not limited to, the following: In connection with this intended construction, defendants will necessarily create additional copies and derivatives, or authorize or induce others to create additional copies and derivatives, of Margitich's Copyrighted Works.

21. Defendant Reliance obtained access to Margitich's Copyrighted Works. On information and belief, Reliance, either individually or in combination, has infringed Margitich's Copyrighted Works. Reliance has committed numerous acts of infringement, including the following:

    a.    Reliance has made copies of Margitich's Copyrighted Works.

    b.    Reliance has prepared derivatives of the Copyrighted

      Works.

  c.    Reliance has provided copies and derivatives of the Copyrighted Works

  d.    Reliance has published copies and derivatives of Margitich's Copyrighted Works by submitting them, or allowing Krass to submit them, to the building authorities of Charlotte County Florida for the purpose of obtaining permits that would allow construction of a residence based on Margitich's Copyrighted Works at 585 Rotonda Circle, Charlotte County, Florida.

  e.    Reliance has published and distributed copies and derivatives of Margitich's Copyrighted Works in printed form.

  f.    Reliance has materially aided, induced, and/or contributed to the publication and distribution by others, including Krass, of copies and derivatives of Margitich's Copyrighted Works.

22.    In addition, Krass' proposed construction at 585 Rotonda Circle will require future acts by Reliance or others directed by Reliance in violation of Margitich's exclusive rights. These include, but are not limited to, the following:

  a)    In connection with this intended construction at 585 Rotonda Circle, Reliance will necessarily create additional copies and derivatives, or authorize or induce others to create

      additional copies and derivatives of Margitich's Copyrighted Works.

      b) In connection with this intended construction, any inspection or contract administration services that Reliance provides will necessarily constitute contributory copyright infringement by materially assisting in the construction of an infringing dwelling.

23.    In April 2015, Margitich and MVM demanded that defendants cease and desist from further acts of copyright infringement, or alternatively, obtain a single project use license. Defendants have refused, and continue to violate Margitich's' copyrights by continuing their infringing activities. Margitich and MVM as its licensee therefore brings this action to protect its rights under federal law.

## CAUSE OF ACTION COPYRIGHT INFRINGEMENT

24.    Margitich and MVM complain of defendants for copyright infringement, and incorporate paragraphs 1-23 above by reference.

25.    The creation and publication of the drawings based on the Copyrighted Works by defendants has infringed and continues to infringe Margitich's copyrights in the Copyrighted Works.

26. The acts of defendants in the creation and publication of drawings based on the Copyrighted Works have infringed and are infringing Margitich's copyrights in the Copyrighted Works.

27. Defendants are each jointly and severally liable for Margitich and MVM's actual damages, including all lost profits.

28. Defendants are each jointly and severally liable to Margitich for all of their profits attributable to the infringements.

29. In the alternative to the actual damages and profits sought above, Margitich may be entitled to an award of statutory damages for all infringements of the Copyrighted Works, as permitted by 17 U.S.C. § 504(c).

30. Defendants are each jointly and severally liable for Margitich and MVM's costs and reasonable attorney's fees incurred in this action.

## REQUEST FOR INJUNCTIVE RELIEF

31. Pursuant to Fed. R. Civ. P. 65, plaintiff seeks preliminary and permanent injunctions enjoining defendants from their continuous and ongoing infringement of plaintiff's copyrights, and incorporates paragraphs 1-30 above by reference.

32. Unless defendants are enjoined from their continuous and ongoing infringement of plaintiff's copyrights, including injunction against the construction at 585 Rotonda

Circle, plaintiff will suffer immediate and irreparable harm, which cannot be compensated by an award of money damages and for which plaintiff has no adequate remedy at law. There is a likelihood that plaintiff will succeed on the merits of its copyright infringement claim against defendants. The injury from defendants' continuous and ongoing infringement of plaintiff's copyrights outweighs the injury that defendants may sustain as a result of the requested injunctive relief. Granting of preliminary and permanent injunctions enjoining defendants from their continuous and ongoing infringement of plaintiff's copyrights will not adversely affect public policy or the public's interest.

33. In addition to actual and statutory damages as permitted by law, plaintiff is entitled to preliminary and permanent injunctions pursuant to 17 U.S.C. §502 prohibiting defendants from further infringement of plaintiff's copyrights, including but not limited to the further use of infringing plans, creation or use of derivative plans, and construction, sale or rental of infringing structures, including injunction against the construction of the building at 585 Rotonda Circle.

34. Furthermore, pursuant to Fed. R. Civ. P. 65, this Court should issue an order pursuant to 17.U.S.C. § 503 directing the United States Marshal's Service to (a) impound all copies of the Copyrighted Works, in possession of defendants or their agents or contractors that infringe plaintiff's copyrights during the pendency of this lawsuit; and (b) upon final hearing of this case, to destroy or otherwise dispose of those copies.

35. Plaintiff requests that, pursuant to Fed. R. Civ. P. 65(c), it be allowed to provide a nominal amount of security, if any, for any payment of such costs and damages, if any, as may be incurred or suffered by defendants if found to have been wrongfully enjoined or restrained.

## CONDITIONS PRECEDENT

36. With respect to all counts, plaintiff generally avers that all conditions precedent to its rights of recovery have occurred or been performed, or have been waived or excused by defendants.

WHEREFORE, plaintiff prays that defendants appear and answer; and that upon final trial it have and recover from defendants as set forth above, that it have preliminary and permanent injunctive relief or damages against defendants as requested herein, and that it have such and other relief as it may show itself to be entitled.

Douglas W. Grissinger
MELLOR, GRISSINGER & BACKO, LLP
13801 S. Tamiami Trail, Suite D
North Port, Florida 34287
Telephone: 941\426-1193
Facsimile: 941\426-5413
Attorney for Plaintiffs
Florida Bar No. 0827827
Primary email: doug@northportlaw.com
Secondary email: suzy@northportlaw.com

## VERIFICATION

I verify under penalty of perjury that the factual allegations of the foregoing Original Complaint and Application for Preliminary and Permanent Injunctions is true and correct.

Executed on October 11, 2016

_____
By: Mikhail V. Margitich,
On behalf of MVM Homes, Inc.