UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MVM CUSTOM HOMES, INC. and
MIKHAIL V. MARGITICH,

    Plaintiffs,

v.                                               Case No: 2:16-cv-768-FtM-38MRM

GREGORI KRASS, POLENA
KRASS and RELIANCE PROJECT
MANAGEMENT, LLC,

    Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court are the following ripe matters:

- Joint Notice of Settlement Between Plaintiffs MVM Custom Homes, Inc. and Mikhail Margitich and Defendant Reliance Project Management, LLC (Doc. 32);

- Plaintiffs' Motion to Dismiss Defendant Reliance Project Management, LLC (Doc. 34); and

- Plaintiffs' Renewed Motion for Judgment upon Default against Defendants Gregori Krass and Polena Krass (Doc. 33).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

For the following reasons, the Court grants default judgment against the Krasses and dismisses Reliance from this suit.

## BACKGROUND

This is a one-count copyright infringement action involving a home design. (Doc. 1). MVM is a residential building company ownded by Margitich. (Doc. 1 at ¶¶ 9-10). Margitich creates and copyrights architectural designs that MVM markets to prospective customers. (Doc. 1 at ¶¶ 10-14). The Krasses hired Margitich and MVM to construct the Citrine Model home on property owned by Polena Krass. (Doc. 1 at ¶¶ 15-16). After visiting with engineers and picking up the proposed construction plans, the Krasses dismissed MVM from the project. (Doc. 1 at ¶ 18). They then hired Reliance. As the new builder, Reliance had the plans. (Doc. 1 at ¶ 21). This prompted Margitich and MVM to sue for copyright infringement, alleging joint and several liability against the Krasses and Reliance.

Only Reliance answered this action. (Doc. 8). The Krasses' non-responsiveness resulted in a Clerk's Entry of Default against them. (Doc. 22). Since then, Plaintiffs and Reliance settled this case at mediation. (Doc. 32; Doc. 34). Plaintiffs agreed to dismiss their case against Reliance. (Doc. 34). In exchange, Reliance acknowledged the copyright in dispute and agreed to final judgment against the Krasses. (Doc. 32; Doc. 34). Thus, to conclude this case, Plaintiffs have now moved for default judgment against the Krasses under Federal Rule of Civil Procedure 55(b)(2) and moved to dismiss Reliance under Federal Rule of Civil Procedure 41(a)(2).

Against this backdrop, the Court will address each motion in turn.

### A. Motion for default judgment against the Krasses

Rule 55(b)(2) permits a party to move the court for a default judgment. When entering a default judgment, a court must ensure that the allegations are well-pleaded and the pleadings have a "substantive, sufficient basis" for the desired relief. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). This means the pleading must be able to survive a motion to dismiss for failure to state a claim. *See Singleton v. Dean*, 611 F. App'x 671, 671 (11th Cir. 2015). The court looks to whether the complaint has "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* If a default judgment is warranted, the court may hold a hearing to decide damages. *See* Fed. R. Civ. P. 55(b)(2). But the rule does not mandate a hearing; the court may use its discretion. *See Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911 (11th Cir. 2011).

As stated, Plaintiffs move for a default judgment against the Krasses for copyright infringement. (Doc. 33 at 2). To establish a *prima facie* case of copyright infringement, Plaintiffs must show (1) Margitich was the owner of a valid copyright, and (2) the Krasses copied his copyrighted material. *See Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Baby Buddies, Inc. v. Toys R Us, Inc.*, 611 F.3d 1308, 1315 (11th Cir. 2010). To satisfy the first element, Plaintiffs have provided Margitich's sworn statement (Doc. 27-1), the Registration Certificates (Doc. 27-2), and the sworn declaration of the draftsman who rendered the plans (Doc. 27-3). To satisfy the second element, they allege that the Krasses copied and distributed Margitich's copyrighted works for their own benefit and ignored requests to cease unauthorized use. (Doc. 27 at

6; Doc. 1 at ¶ 19). Accepting these facts as true, the Complaint has stated a plausible claim for copyright infringement.

For the default judgment, Plaintiffs request $57,890.76 in damages with post judgment interest. According to Margitich's Declaration, the amount represents the lost sale of the home (the difference between the net profits from building the Citrine Model and the construction costs). (Doc. 27-1). Because the requested damages are well-represented, the Court need not hold a hearing to establish damages. In addition, Plaintiffs request costs totaling $595.00 for the filing fee and service of process. (Doc. 33). But the Court considers costs after judgment is entered. *See* M.D. Fla. R. 4.18. Thus, at this time, the Court will not grant costs.

Accordingly, the Court will enter a default judgment against the Krasses for $57,890.76 plus post judgment interest.

**B. Motion to dismiss Reliance**

Next, Plaintiffs move to dismiss Reliance under Rule 41(a)(2). A court enjoys "broad discretion" to grant a Rule 41(a)(2) dismissal, and it should do so unless the defendant will suffer "clear legal prejudice." *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001). Here, the Court finds good cause to dismiss this case against Reliance because it has acknowledged the copyright in dispute and agrees to a final judgment against the Krasses. (Doc. 32; Doc. 34).

Accordingly, it is now

**ORDERED:**

(1) Plaintiffs' Renewed Motion for Judgment upon Default against Defendants Gregori Krass and Polena Krass (Doc. 33) is **GRANTED**.

a. The Clerk of Court is **DIRECTED** to enter default judgment in favor of Plaintiffs and against Gregori Krass and Polena Krass for **$57,890.76** with post judgment interest accruing from the date judgment is entered at the rate established by 28 U.S.C. § 1961.

b. Plaintiffs may file a Bill of Costs or otherwise move for costs on or before **July 26, 2017** per Middle District of Florida Local Rule 4.18.

(2) Plaintiffs' Motion to Dismiss Defendant Reliance Project Management, LLC (Doc. 34) is **GRANTED**. The Clerk of Court is **DIRECTED** to terminate Defendant Reliance Project Management, LLC from this case.

(3) The Clerk of Court is **DIRECTED** to terminate all pending motions and deadlines and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 12th day of July, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record